UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00659-CHB

MICHAEL BINGHAM, JR.                                                    PLAINTIFF

vs.

ANNA MILLER, et al.                                                     DEFENDANT

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION

Before the Court is Plaintiff Michael Bingham, Jr.'s Motion to Remand (DN 9). Defendant

Liberty Mutual Personal Insurance Company responded in opposition. (DN 11). Plaintiff did not

file a reply, and the time to do so has expired. This matter has been referred to the

undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C

636(a)(1)(A). (DN 14). For the reasons discussed below, the undersigned recommends that

Bingham's Motion be denied.

I. Findings of Fact

On December 20, 2023, near the intersection of Farnsley Road and Janell Road, in

Louisville, Kentucky, Defendant Anna Miller ("Miller") allegedly operated a motor vehicle in a

negligent manner and caused a collision with the vehicle owned and operated by Plaintiff Michael

Bingham, Jr. ("Plaintiff") (DN 1, at PageID # 17).

At the time of the incident, Miller's automobile insurance coverage through United

Services Automobile Association ("USAA") included a coverage limit of $25,000 per person. (*Id.*,

at PageID # 29). Plaintiff collected the $25,000 policy limit from Miller's insurer, USAA. (DN 11-

2). In doing so, Plaintiff signed a broadly worded Release of All Claims and Holds Harmless

Agreement (the "Release") in which he agreed to release, acquit, and forever discharge Miller from

any liability "of any and all claims or causes of action" he may have against her arising out of the collision. (*Id.*). The Release also provided that Plaintiff would defend and indemnify Miller from any "claims or causes of action" raised against her. (*Id.*).

At the time of the accident, Plaintiff was insured by Liberty Mutual Personal Injury Insurance Company ("Liberty"). (DN 1, at PageID # 19). Plaintiff's policy with Liberty provided him with underinsured motorist coverage ("UIM") up to a policy limit of $25,000 per person/$50,000 per accident pursuant to the policy terms. (DN 1, at PageID # 16). Liberty refused to pay Plaintiff pursuant to the UIM policy terms, giving rise to this action. (*Id.*, at PageID # 30).

Plaintiff filed his complaint in Jefferson County Circuit Court on August 10, 2025. (*Id.* at PageID # 15). Plaintiff named both Miller and Liberty in the complaint. (DN 1-1). He asserts claims of negligence and negligence *per se* against Miller for her role in the collision (hereinafter, "Count I" and "Count II") and claims for payment of his UIM Benefits and for violations of the Unfair Claims Settlement Practices Act against Liberty for its refusal to settle his insurance claim within the UIM policy limits (hereinafter, "Count III" and "Count IV"). (*Id.* at PageID # 14-20). Plaintiff alleges that he incurred extensive and ongoing medical expenses following sustained injuries, pain and suffering, and mental anguish from the collision. (*Id.* at PageID # 17). He claims that these expenses exceed the $25,000 policy limit recovered under Miller's policy with USAA. (*Id.* at PageID # 18). He states that his claim of negligence against Miller is "for the sole purpose of establishing liability" and he does not seek damages from her. (*Id.* at PageID # 15).

On October 9, 2025, Liberty removed the case from Jefferson County Circuit Court to this Court based on diversity jurisdiction. (DN 1). Although Plaintiff and Miller are both Kentucky citizens, Liberty claimed that Miller's Kentucky citizenship should be disregarded because (1) she is a nominal party without a financial or legal interest in the outcome of the case, and (2) she is

fraudulently joined such that Plaintiff lacks a legally cognizable claim against her. (DN 1, at PageID # 3-4).

On November 14, 2025, shortly after removal, Plaintiff filed the instant Motion to Remand requesting the case be returned to state court and that the Court award him the attorney's fees and costs he incurred bringing the Motion. (DN 9, at PageID # 167). Liberty responded in opposition, requesting that the case remain before this Court and that Plaintiff's request for fees and costs be denied. (DN 11, at PageID # 176).

## II. Standard of Review

The removal of a case from state to federal court is proper in a "civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil matters by way of diversity jurisdiction if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C.§§ 1332(a), (a)(1). The burden of establishing that a case was properly removed to federal court lies with the removing party. *Wright v. State Farm Mut. Auto. Ins. Co.*, 443 F. Supp. 3d. 789, 793 (W.D. Ky. 2020).

## III. Conclusions of Law

Plaintiff argues that this Court lacks subject matter jurisdiction over the case because there is not complete diversity between the Parties and, consequently, that the case should be remanded to state court. (DN 9, at PageID # 164). Liberty argues that the case was properly removed and should remain before this Court because Miller is a nominal defendant lacking an interest in the outcome of the case and, in the alternative, because Miller was fraudulently joined in the complaint. (DN 11, at PageID # 172-75).

The Parties do not dispute that Miller is a non-diverse defendant; both Miller and Plaintiff are residents of Jefferson County, Kentucky. The Parties similarly agree that Liberty is a diverse defendant with residency in New Hampshire, its state of incorporation, and Massachusetts, its principal place of business. *See* 28 U.S.C.§ 1332(c)(1) (stating that a corporation should be considered a citizen of the state of incorporation and of the principal place of business when establishing jurisdiction). Plaintiff and Miller's common residency would typically defeat diversity jurisdiction. Yet if Miller is a nominal party and/or fraudulently joined, removal is proper despite her lack of diversity.

District courts must disregard nominal parties in determining whether complete diversity exists. *Mortenson Fam. Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013). Jurisdiction must rest solely upon the citizenship of the real parties to the controversy. *Id.* Unlike a real party in interest, a nominal party has no interest in the outcome of the suit and need not be made a party for the plaintiff to obtain relief. *Id.* (citing *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (add'l citation omitted)).

The doctrine of fraudulent joinder, in many ways similar to the law surrounding nominal parties, provides an exception to the complete diversity requirement. *Taco Bell Corp. v. Dairy Farmers of Am., Inc.*, 727 F. Supp. 2d 604, 606 (W.D. Ky. 2010) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). When there is a non-diverse defendant and the removing party claims that defendant was fraudulently joined, the removing party must present sufficient evidence to demonstrate that the plaintiff could not establish a cause of action against the non-diverse defendant under state law. *Id.* If there is no colorable claim against the non-diverse defendant, they have been fraudulently joined, and remand

4

is not required based upon their lack of diversity. *Jerome-Duncan, Inc.*, 176 F.3d at 907. In making such determination, courts apply a standard similar to, "but more lenient than," that applicable to a Rule 12(b)(6) motion to dismiss. *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012).

Plaintiff fails to establish a viable cause of action against Miller. Under Kentucky law, a release is viewed as a contract between the executor of the release and the party being released from liability. *Gibson Co. Real Est. v. Garrett, LLC*, No. 2011-CA-000065-MR, 2013 WL 4710325, at *3 (Ky. Ct. App. 2013) (citing *Richardson v. Eastland, Inc.,* 660 S.W.2d 7, 8 (Ky. 1983)). The release should be supported by adequate consideration, which can take the form of release of past, present, and future obligations concerning the cause of action. *Id*. A release is subject to the same interpretation of a contract; therefore, part of the validity of a release is determined by the clarity and ability to understand so that an ordinarily knowledgeable party will unmistakably know what they are contracting away. *Rieff v. Jesse James Riding Stables, Inc.* 656 S.W.3d 225, 228 (Ky. Ct. App. 2022) (stating a pre-injury release should be understood by an ordinary person to be valid).

Plaintiff accepted $25,000 from USAA on Miller's behalf in exchange for the release of "all claims or causes of action which [he] now or may hereafter have" against her stemming from the collision. (DN 11-2, at PageID # 188). In accepting payment and signing the Release as "a full and final" settlement (*id.*), Plaintiff essentially waived the claims he now attempts to pursue against her. *See, e.g.*, *Conner v. Greathouse*, 28 F. App'x 492 (6th Cir. 2002) (affirming district court's finding that plaintiff was barred from suing defendants for injuries arising from accident after signing a release of all claims against them); *McGrannahan v. Bomar*, No. 2007-CA-000942-MR, 2008 WL 2696868, at *3 (Ky. Ct. App. July 11, 2008) (affirming summary judgment in favor of

the tortfeasor, recognizing that in settling for the tortfeasor's liability policy limit, "the tortfeasor is released from any further liability to the injured party."). There is no genuine basis upon which Plaintiff may be able to recover against Miller. To be sure, while Plaintiff generally requests damages against Miller at the end of the complaint (DN 1-1, at PageID # 19), he expressly asserts that his claims against her are for the sole purpose of establishing her liability and not to obtain damages (*id.* at PageID # 14). He is barred from bringing the very cause of action he seeks and, accordingly, lacks a valid claim against Miller.

Despite this, and to support his position that Miller was not fraudulently joined and is a real party in interest, Plaintiff argues his claims against Miller are necessary to the success of his claims against Liberty because of her status as the alleged tortfeasor. (DN 9, at PageID # 163). He submits that Miller must be found liable to allocate fault and ascertain damages for his claims against Liberty. (*Id.*).

Not so. The Kentucky Supreme Court provides specific guidance on whether an alleged tortfeasor needs to be found liable and/or named as a defendant to recover in UIM actions under Kentucky law. *See Coots v. Allstate Inc. Co.*, 853 S.W.2d 895, 899 (Ky. 1993). In *Coots*, the Kentucky Supreme Court found that while "the liability of the tortfeasor and the amount of damages sustained [are] elements that must be established in measuring the UIM carrier's obligation [,]" a suit to recover UIM coverage is a direct action against the UIM carrier for which the third-party tortfeasor need not be named. *Id.* at 899-903. Moreover, judgment against a tortfeasor is not necessary to pursue UIM benefits directly from the insurer, and it is thus unnecessary to assert separate claims against them. *Id.*; *see Powers v. Ky. Farm Bureau Mut. Ins. Co.*, 694, S.W.3d 361, 375-76 (Ky. 2024); *State Farm Mutual Auto. Ins. Co. v. Riggs*, 484 S.W.3d

6

724, 727 (Ky. 2016); *Robinson v. State Farm Mut. Auto. Inc. Co.*, No. 05-210-GFVT, 2007 WL 9751941, at *2 (E.D. Ky. June 20, 2007).

Miller is a third party to Plaintiff's claims against Liberty. She is the alleged tortfeasor, but she is not a party to Plaintiff's contract with Liberty and Plaintiff does not maintain his UIM claims against her. While she is likely able to provide information relevant to his claims against Liberty, her presence as a named party is not a precondition to Plaintiff's ability to obtain relief, nor is judgment against her. Plaintiffs routinely seek to recover UIM benefits from their insured arising out of collisions with a third-party tortfeasor without obtaining judgment against the tortfeasor or joining them in the case. *See State Farm Mut. Auto. Ins.*, 484 S.W.3d at 729. The Court finds no authority to support Plaintiff's argument to the contrary.

Plaintiff is unable to recover on his claims against Miller, and her presence in the case is not necessary to maintain his claims against Liberty. Miller is a nominal party and/or fraudulently joined in this case. Accordingly, the undersigned concludes that removal was proper despite Miller's lack of diversity and recommends that Plaintiff's Motion to Remand be denied.

Plaintiff also requests the Court award his attorney's fees and costs associated with Liberty's removal of this case. (DN 9, at Page ID # 165). When considering whether such an award is proper, the reasonableness of the removal will determine if fees and costs should be granted to the non-removing party. *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 488 (6th Cir. 2013) (*citing Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005)). If removal is proper, then any fee award in connection with a motion to remand is inappropriate. *Id.*; *Dunaway v Purdue Pharma L.P.*, 391 F. Supp. 3d 802 (M.D. Tenn. 2019). Liberty has sufficiently shown that removal is proper. Accordingly, the undersigned recommends that Plaintiff's request for an award of attorney's fees and costs be denied.

## RECOMMENDATION

For the foregoing reasons, the Court **HEREBY RECOMMENDS** that Plaintiff Michael Bingham, Jr.'s Motion for Remand (DN 9) be **DENIED.**

Regina S. Edwards, Magistrate Judge
United States District Court

June 26, 2026

## NOTICE

Therefore, under the provisions of 28 U.S.C. " 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:        Counsel of Record

8