UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL BINGHAM, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:25-cv-659-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| ANNA MILLER, et al., | ) | **ORDER ADOPTING** |
| | ) | **MAGISTRATE JUDGE'S** |
| Defendants. | ) | **RECOMMENDATION** |
| | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is before the Court on the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("Recommendation"), [R. 14]. In the Recommendation, the Magistrate Judge evaluates the plaintiff's pending Motion to Remand, [R. 9]. The defendants previously filed a response to that motion, [R. 11], and Plaintiff failed to file a reply. The Magistrate Judge now recommends that the Court deny the Motion to Remand. [R. 14]. Neither party has filed objections to the Recommendation, and the time to do so has expired. For the reasons set forth herein, the Court will adopt the Recommendation and deny the motion.

In the Recommendation, the Magistrate Judge provided a detailed overview of the factual and procedural background giving rise to this case. *Id.* at 1–3. The Magistrate Judge next considered the plaintiff's argument that this Court lacks subject matter jurisdiction because there is not complete diversity among the two defendants, Liberty Mutual Personal Insurance Company ("Liberty Mutual") and Anna Miller. *Id.* at 3. On this point, the parties do not dispute that Miller is a non-diverse defendant, and that Liberty Mutual is a diverse defendant. *Id.* at 4. However, the Magistrate Judge ultimately concludes that Miller is a nominal party and/or was fraudulently joined in this case because

Plaintiff previously released Miller from all claims or causes of action which Plaintiff might have against her, and Plaintiff therefore has no viable claim against Miller, nor is Miller's presence in this case necessary to maintain the claims against Liberty Mutual. *Id.* at 4–7. As such, the defendant's removal to this Court was proper. *Id.* at 7.

The Recommendation advised the parties that any objections must be filed within fourteen days. *Id.* at 8. The time to file objections has therefore passed, and neither party has filed any objections to the Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Recommendation.

Accordingly, the Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, [**R. 15**], is **ADOPTED** as the order of this Court.

2. The Motion for Remand, [**R. 9**], is **DENIED**.

This the 13th day of July, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

2